**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Tammy R. Brisbois | No. CV-20-00565-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Tammy Brisbois's Applications for Disability Insurance benefits and Supplemental Security Income benefits by the Social Security Administration. Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial. The Court now addresses Plaintiff's Opening Brief (Doc. 18, "Pl. Br."), Defendant Social Security Administration Commissioner's Answering Brief (Doc. 22, "Def. Br."), and Plaintiff's Reply (Doc. 23, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 15, "R.") and now affirms the Administrative Law Judge's ("ALJ") decision.

**I.      BACKGROUND**

On September 21, 2017, Plaintiff filed an application for Disability Insurance benefits and an application for Supplemental Security Income benefits alleging disability beginning August 23, 2017. (R. at 15.) Plaintiff's claims were denied initially on March 30, 2018, and on reconsideration on September 18, 2018. (*Id.*) Plaintiff appeared before

1   the ALJ for a hearing on September 4, 2019. (*Id.*) On October 18, 2019, the ALJ denied

2   Plaintiff's claims. (R. at 35.) In February 2020, the Appeals Council denied review, making

3   the ALJ's decision the final decision. (R. at 1–6.) Plaintiff now seeks judicial review of the

4   Commissioner's decision pursuant to 42 U.S.C. § 405(g).

5   　　　The Court has reviewed the medical evidence and will discuss the pertinent

6   evidence in addressing the issues raised by the parties. Upon considering the medical

7   evidence and opinions, the ALJ evaluated Plaintiff's disability based on the following

8   severe impairments: degenerative disc disease, mild obesity, anxiety disorder, depressive

9   disorder, and posttraumatic stress disorder. (R. at 18.)

10   　　　The ALJ evaluated the medical evidence and testimony and concluded that Plaintiff

11   was not disabled from August 23, 2017, through the date of the decision. (R. at 35.) The

12   ALJ found that Plaintiff "does not have an impairment or combination of impairments that

13   meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404,

14   Subpart P, Appendix 1." (R. at 20.) Next, the ALJ calculated Plaintiff's residual functional

15   capacity ("RFC"), finding Plaintiff:

16   　　　　　　[H]as the [RFC] to perform light work . . . except occasionally
17   　　　　　　climb ladders, ropes or scaffolds; occasionally crawl;
      　　　　　　frequently climb ramps or stairs; frequently crouch; frequently
18   　　　　　　kneel; occasional exposure to non-weather related extreme
      　　　　　　heat; occasional exposure to dangerous machinery with
19   　　　　　　moving, mechanical parts as well as unprotected heights; work
      　　　　　　involving understanding, remembering, and carrying out
20   　　　　　　simple instructions; work with tasks that can be learned by
21   　　　　　　demonstration within 30 days; work with occasional routine
      　　　　　　changes in the work setting; work with occasional in person
22   　　　　　　interaction with the public and occasional interaction with
23   　　　　　　coworkers; no working in tandem with coworkers; and no sales
      　　　　　　work with the public.
24

25   (R. at 23.) Accordingly, the ALJ found that "there are jobs that exist in significant numbers

26   in the national economy that [Plaintiff] can perform." (R. at 34.)

27   **II.   LEGAL STANDARD**

28   　　　In determining whether to reverse an ALJ's decision, the district court reviews only

those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id.* § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. *Id.* § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where the ALJ determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. *Id.* § 404.1520(a)(4)(v). If so, the

claimant is not disabled. *Id*. If not, the claimant is disabled. *Id*.

## III.   DISCUSSION

Plaintiff raises two arguments. First, she argues that the ALJ erred by rejecting her symptom testimony. (Pl. Br. at 14–15.) Second, Plaintiff argues that the ALJ improperly rejected medical opinions from her examining and treating physicians. (*Id*. at 14–22.) For reasons discussed below, the Court disagrees with these arguments.

### A.   Symptom Testimony

Plaintiff briefly argues that "the ALJ's credibility determination is legally insufficient." (Pl. Br. at 14.) Plaintiff's argument consists of a single point—that the ALJ cherry-picked a few benign medical findings to discount her testimony. (*Id*. at 15.)

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc) (internal quotation marks omitted)). If the claimant presents such evidence then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Id*. at 1015. General findings are not sufficient. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005). "[T]he ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

The Court disagrees with Plaintiff that the ALJ erred by rejecting her symptom testimony. The ALJ provided several reasons for rejecting Plaintiff's symptom testimony, which Plaintiff largely does not discuss or challenge. In addition to the benign medical evidence, the ALJ also identified Plaintiff's improvement with treatment, activities of daily living ("ADLs"), conservative treatment, and inconsistent statements as undermining her allegations. (R. at 24–30.) The ALJ cited several medical records and other findings to support each of these independent grounds to reject her symptom testimony. (*Id.*) Plaintiff does not address these rationales. Since Plaintiff did not address the ALJ's several other remaining bases for rejecting her testimony, her potential objections to the ALJ's justifications are waived. *Bergfeld v. Barnhart*, 361 F. Supp. 2d 1102, 1110 (D. Ariz. 2005) ("A reviewing federal court will only address the issues raised by the claimant in his appeal from the ALJ's decision."). In any event, the ALJ provided "specific, clear and convincing reasons" for rejecting her symptom testimony. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014). Accordingly, substantial evidence supports the ALJ's rejection of Plaintiff's symptom testimony.

**B.      Medical Opinion Evidence**

Plaintiff argues that the ALJ erroneously rejected Dr. Kari Coelho's and Dr. Karl Marku's medical opinions. (Pl. Br. at 14–22.) Dr. Marku provided two treating physician opinions where he opined to her functional limitations and disability status. (R. at 1300, 1868–71.) In his October 2017 opinion, he noted that Plaintiff has significant functional limitations "such as inability to meet competitive standards to remember work-like procedures, inability to maintain regular attendance, inability to be punctual within customary, usually strict tolerances, and inability to perform at a consistent pace without an unreasonable number and length of rest periods." (R. at 31–32, 1871.) Dr. Marku stated in May 2018 that Plaintiff is "unable to perform even unskilled work due to symptoms from posttraumatic stress disorder and severe depression." (R. at 32, 1300.) On January 7, 2018, Dr. Coelho performed a psychological consultative examination. (R. at 574–77.) In the accompanying opinion, Dr. Coelho opined that Plaintiff's symptoms "would likely

interfere with her ability to respond appropriately to supervision, get along with coworkers, and be aware of normal hazards or to take appropriate actions. [Dr. Coelho] also found [Plaintiff] would likely become overwhelmed and not be able to handle changes that would occur in a work setting." (R. at 31, 578–79.)

The ALJ found that Dr. Marku's opinions were unsupported by his own treatment records, largely based on subjective complaints, internally inconsistent, minimally explained, and inconsistent with Plaintiff's improvement, ADLs, and benign objective evidence. (R. at 31–32.) As for Dr. Coelho's opinion, the ALJ found it has some persuasiveness. (R. at 31.) Specifically, the ALJ found the opined-to limitations were not persuasive, but the objective exam results were persuasive because they were consistent with the entirety of the evidence. (*Id.*) The ALJ found the opined-to limitations were unpersuasive because they were vague and ill-defined, inconsistent with the exam findings, inconsistent with Plaintiff's improvement, and overly reliant on subjective complaints. (*Id.*)

Previously, the Ninth Circuit recognized "a hierarchy among the sources of medical opinions." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who treated a claimant were treating physicians, those who examined but did not treat the claimant were examining physicians, and those who neither examined nor treated the claimant were nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). This hierarchy was known as the treating physician rule, which generally afforded greater weight to the opinions of treating physicians. *Orn*, 495 F.3d at 632; *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001), as amended on reh'g (Aug. 9, 2001).

"In March of 2017, The Social Security Administration amended their regulations to abrogate the treating physician rule, among other changes." *Alonzo v. Comm'r of Soc. Sec. Admin.*, No. CV-18-08317-PCT-JZB, 2020 WL 1000024, at *3 (D. Ariz. Mar. 2, 2020) (citing *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844-01, 2017 WL 168819, at *5852–57 (Jan. 18, 2017)). The new regulations apply to claims

filed on or after March 27, 2017.[1] 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." *Id.* §§ 404.1520c(a), 416.920c(a).

The new regulations require the ALJ to articulate how persuasive each medical opinion is according to several enumerated factors. *Id.* §§ 404.1520c(a)–(b), 416.920c(a)–(b). Those factors include: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors. *Id.* §§ 404.1520c(c), 416.920c(c). The most important factors in evaluating an opinion's persuasiveness are its supportability and consistency. *Id.* §§ 404.1520c(a), 416.920c(a).[2]

Substantial evidence supports the ALJ's weighing of both doctors' opinions. Regarding Dr. Marku's opinions, the ALJ appropriately found that the opinions were minimally persuasive because they were unsupported by his own treatment records and inconsistent with Plaintiff's ADLs. The supportability of Dr. Marku's opinions were a proper consideration for the ALJ. *See* 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Even if the ALJ's other reasons for discounting Dr. Marku's opinions were unsupported, such errors would be harmless because the ALJ provided other, valid reasons for rejecting the opinions. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (finding that harmless error principles apply when an error is inconsequential to the ultimate nondisability determination). Substantial evidence supports the ALJ's finding that Dr. Marku's opinions are unsupported by, and inconsistent with, his own treatment records. (R. at 32.) Plaintiff argues that the ALJ's finding is supported by records from only a single

---

[1] Defendant correctly recognizes that the amended regulations apply to this case, and that Plaintiff incorrectly analyzed the ALJ's opinion as if the physician-hierarchy rules applied. (Def. Br. at 11–12.) Plaintiff acknowledges the new regulations in her Reply. (Reply at 1–2.)

[2] The ALJ noted that he considered the medical opinions and medical findings "in accordance with the requirements of 20 CFR 404.1520c." (R. at 24.) After reviewing the ALJ's decision, the Court is satisfied that the ALJ properly considered the 404.1520c(c) factors. *See John, B. v. Saul*, No. 3:19-CV-1930-SI, 2021 WL 1202061, at *8 (D. Or. Mar. 30, 2021) ("The ALJ is not required to explain how he or she considered other secondary medical factors, unless he or she finds that two or more medical opinions about the same issue are equally well-supported and consistent with the record but not identical.").

doctor's visit, but the Court disagrees. (Pl. Br. at 16–17.) The ALJ cites an October 2017 progress note as an example, but Dr. Marku's other progress notes largely corroborate the ALJ's conclusions. (R. at 32.) Though Dr. Marku identifies some abnormal findings, including an anxious or depressed mood, his notes reveal largely normal mental statuses that support the ALJ's conclusions. (R. at 1090, 1095, 1098, 1102, 1106, 1112, 1126, 1158, 1172.) The ALJ reasonably concluded that Plaintiff's repeatedly normal mental statuses were inconsistent with the significant limitations opined to by Dr. Marku. The ALJ properly determined that Dr. Marku's "extreme limitations" were inconsistent with his treatment records. (R. at 31–32, 293, 1131, 1172, 1412, 1740.) Substantial evidence supports the ALJ's conclusion on this basis.

Next, the ALJ also appropriately found that Dr. Marku's opinion was inconsistent with Plaintiff's ADLs. While discussing Dr. Marku's opinions, the ALJ cited Plaintiff's ability to drive herself and her ability to go to the gym everyday as inconsistent with Dr. Marku's opinions. Plaintiff does not address the ALJ's reliance on Plaintiff's ADLs as a basis to discount Dr. Marku's opinions. Nevertheless, the record supports the ALJ's conclusion. Many records indicate that Plaintiff gardens, walks her dog, drives, and goes to the gym every day. (R. at 50, 53, 55, 291, 293–95, 309–10, 486, 490, 568, 624, 1179, 1736, 1795.) Thus, substantial evidence supports the ALJ's conclusion that Plaintiff's ADLs undermine Dr. Marku's opinions.

The ALJ also reasonably determined that Dr. Coelho's opinion was inconsistent with her own examination findings. The ALJ identified that Dr. Coelho found Plaintiff "was only somewhat anxious and demonstrated cooperative behavior, normal speech, normal thought processes, and intact insight and judgment." (R. at 31.) Based on these findings, the ALJ found that the opined-to limitations were likely based mostly on subjective complaints rather than objective findings. (*Id*.) This was a reasonable conclusion. Dr. Coelho's examination findings reveal that Plaintiff had a mostly normal mental status, though she was somewhat anxious. (R. at 574, 576–77.) Indeed, many of Plaintiff's symptoms that were disclosed in the consultative examination appear to come

from Plaintiff's self-reports rather than Dr. Coelho's observations of Plaintiff's mental status. (R. at 574–77.) Relatedly, the ALJ appropriately found that Dr. Coelho's opined-to limitations were vague and imprecise. (R. at 31.) In evaluating the opinion, the ALJ was permitted to consider how well the opinion was explained. *See* 20 C.F.R. § 404.1520c(c)(1). Dr. Coelho does not elaborate on how Plaintiff's symptoms would "interfere" with Plaintiff's abilities to socially interact or adapt to change in the work setting. (R. at 578–79.)

The Court is satisfied that the ALJ gave specific and legitimate reasons, supported by substantial evidence, for discounting, at least in part, Drs. Marku and Coelho's opinions and findings. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Accordingly, the ALJ did not err by respectively finding those opinions somewhat persuasive and minimally persuasive.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** affirming the decision of the Administrative Law Judge (R. at 12–42).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this matter.

Dated this 26th day of May, 2021.

Michael T. Liburdi
United States District Judge